# Exhibit 1 - Counsel Correspondence

| | |
|---|---|
| **Subject:** | RE: NetChoice v. Liz Murrill |
| **Date:** | Thursday, August 28, 2025 at 11:45:53 AM Eastern Daylight Time |
| **From:** | Kessler, Jeffrey |
| **To:** | Jeremy Maltz, Garner, James, Force, Joshua, Trosclair, Sophie |
| **CC:** | 'Claire Juneau', 'Louis Grossman', Todd Disher, Jared Magnuson, Steve Lehotsky, Mary Miller |
| **Attachments:** | image002.jpg, image001.jpg |

Jeremy,

Thank you for your email, and we appreciate that NetChoice has indicated that it will withdraw Dr. Bean's report and de-designate him as an expert. That being said, while that withdrawal/ de-designation moots items (1) and (2) of the requested relief, it would not moot item (3) for the fees/ costs incurred by the State Defendants in connection with the motion, so we are not pulling the motion down. Thank you.

**JEFFREY D. KESSLER | ATTORNEY AT LAW | SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street | Suite 2800 | New Orleans, LA 70112 | jkessler@shergarner.com | O: 504-299-2124 | F: 504-299-2324

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100 and return the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty-Eighth Floor, 909 Poydras Street, New Orleans, Louisiana 70112 via the United States Postal Service.

In accordance with 31 C.F.R. Section 10.35(b)(4), this message has not been prepared, and may not be relied upon by any person, for protection against any federal tax penalty.

**From:** Jeremy Maltz <jeremy@lkcfirm.com>
**Sent:** Thursday, August 28, 2025 7:58 AM
**To:** Kessler, Jeffrey <jkessler@shergarner.com>; Garner, James <JGarner@SHERGARNER.com>; Force, Joshua <jforce@SHERGARNER.com>; Trosclair, Sophie <strosclair@shergarner.com>
**Cc:** 'Claire Juneau' <claire.juneau@keanmiller.com>; 'Louis Grossman' <louis.grossman@keanmiller.com>; Todd Disher <todd@lkcfirm.com>; Jared Magnuson <jared@lkcfirm.com>; Steve Lehotsky <steve@lkcfirm.com>; Mary Miller <mary@lkcfirm.com>
**Subject:** Re: NetChoice v. Liz Murrill

Good morning—

1

We are reaching out again to follow up on our messages from last week, withdrawing Dr. Bean's report and de-designating him as a testifying expert witness for NetChoice in this case.

Please confirm whether you intend to pull down your now-moot motion to exclude Dr. Bean's report.

Best,
Jeremy

**Jeremy Evan Maltz** | LEHOTSKY KELLER COHN

---

**From:** Jeremy Maltz <jeremy@lkcfirm.com>
**Date:** Thursday, August 21, 2025 at 10:41 AM
**To:** "Kessler, Jeffrey" <jkessler@shergarner.com>, "Garner, James" <JGarner@SHERGARNER.com>, "Force, Joshua" <jforce@SHERGARNER.com>, "Trosclair, Sophie" <strosclair@shergarner.com>
**Cc:** 'Claire Juneau' <claire.juneau@keanmiller.com>, 'Louis Grossman' <louis.grossman@keanmiller.com>, Todd Disher <todd@lkcfirm.com>, Jared Magnuson <jared@lkcfirm.com>, Steve Lehotsky <steve@lkcfirm.com>
**Subject:** Re: NetChoice v. Liz Murrill

Good morning—

I am following up on our messages from Monday, withdrawing Dr. Bean's report and de-designating him as a testifying expert witness for NetChoice in this case.

Specifically, we want to confirm with you that you will pull down your motion, now that it is moot.

Best,
Jeremy

**Jeremy Evan Maltz** | LEHOTSKY KELLER COHN

---

**From:** Jeremy Maltz <jeremy@lkcfirm.com>
**Date:** Monday, August 18, 2025 at 4:57 PM
**To:** "Kessler, Jeffrey" <jkessler@shergarner.com>, "Garner, James" <JGarner@SHERGARNER.com>, "Force, Joshua" <jforce@SHERGARNER.com>, "Trosclair, Sophie" <strosclair@shergarner.com>
**Cc:** 'Claire Juneau' <claire.juneau@keanmiller.com>, 'Louis Grossman' <louis.grossman@keanmiller.com>, Todd Disher <todd@lkcfirm.com>, Jared Magnuson <jared@lkcfirm.com>, Steve Lehotsky <steve@lkcfirm.com>
**Subject:** Re: NetChoice v. Liz Murrill

All—

I have attached our letter regarding Dr. Bean, expounding on our email earlier.

Best,

2

Jeremy

**Jeremy Evan Maltz** | LEHOTSKY KELLER COHN

---

**From:** Jeremy Maltz <jeremy@lkcfirm.com>
**Date:** Monday, August 18, 2025 at 11:37 AM
**To:** "Kessler, Jeffrey" <jkessler@shergarner.com>, "Garner, James" <JGarner@SHERGARNER.com>, "Force, Joshua" <jforce@SHERGARNER.com>, "Trosclair, Sophie" <strosclair@shergarner.com>
**Cc:** 'Claire Juneau' <claire.juneau@keanmiller.com>, 'Louis Grossman' <louis.grossman@keanmiller.com>, Todd Disher <todd@lkcfirm.com>, Jared Magnuson <jared@lkcfirm.com>, Steve Lehotsky <steve@lkcfirm.com>
**Subject:** NetChoice v. Liz Murrill

Good morning—

NetChoice is de-designating Dr. Bean as an expert in this case and will not rely on his report in this litigation. A formal letter from our firm will follow today.

We are reaching out to schedule a meet and confer regarding your pending motion and other matters. Please let us know a good time to discuss at your earliest convenience.

Best,
Jeremy

**Jeremy Evan Maltz** | LEHOTSKY KELLER COHN

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

3

**LEHOTSKY KELLER COHN LLP**
Steven P. Lehotsky
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001

August 18, 2025

**VIA EMAIL**

Jeffrey Kessler
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, LA 70112
jkessler@shergarner.com

      RE:    *NetChoice v. Murrill*, No. 3:25-cv-00231 (M.D. La.)

Dear Jeff:

      As we said to you earlier today via email, we have withdrawn our designation of Dr. Anthony Bean as a testifying expert witness for NetChoice in this litigation. NetChoice will not use or rely in any way upon Dr. Bean's report or any additional testimony from Dr. Bean in this matter.

      We've investigated the allegations in Defendants' motion to exclude, and we want to make the record abundantly clear: The sources discussed in Dr. Bean's report are not "AI hallucinations." Mot.1. Although the version of the report we served on Defendants included certain errors—misattributing Dr. Bean's conclusions as quotations and incorrect long-form citations—Dr. Bean's report analyzes real source publications that do exist. Further, Defendants know that those sources are real because NetChoice provided all of the true and correct source publications to Defendants at the same time the report was served. In other words, the substance of Dr. Bean's report discussed the findings of real academic articles that are in the possession of Defendants—and not AI-hallucinated articles, as Defendants' motion incorrectly alleges.

      The version of the report mistakenly served on Defendants contained Dr. Bean's personal conclusions that were misattributed as quotes made by the authors of the cited sources. Dr. Bean initially provided NetChoice's counsel with a final report that did not attribute the language that Defendants have identified to the authors of the produced

1

studies. Rather, that language was introduced as Dr. Bean's summations without quotation marks.

But Dr. Bean sent counsel a second version of the report adding his hourly rate. That is the incorrect version that counsel produced to Defendants, and it is the version with the misattributed quotes.

Also, the References at the end of Dr. Bean's report included incorrect citations to Dr. Bean's source publications. To reiterate, NetChoice provided all of the true and correct source publications to Defendants when it served the report. And all of the citations in the body of Dr. Bean's report clearly refer to those produced publications. But the citations at the end of Dr. Bean's report did not include accurate long-form citations to those source publications.

These errors in Dr. Bean's report could have been addressed between the parties without involving the Court. But you failed to confer with us. If you had attempted—as is necessary before escalating disputes to the Court—to meet and confer with NetChoice on this issue before filing the motion to exclude, there would have been no need for you to unilaterally present an incorrect picture to the Court. It also would have saved you time in reviewing the report and drafting your motion.

NetChoice agrees with you that the Court should not consider Dr. Bean's report. And had you conferred with us at any point before filing your motion on Friday, NetChoice would have agreed with you then. That is why NetChoice has chosen to de-designate Dr. Bean as a testifying expert witness for it in this matter.

That moots Defendants' motion to exclude. Please confirm you will withdraw your motion.

We are available to confer with you on this at your convenience.

Sincerely,

Steven P. Lehotsky

2

5