# Exhibit 2 -
# Declaration of Jeremy Evan Maltz

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NETCHOICE,<br><br>*Plaintiff*,<br><br>v.<br><br>LIZ MURRILL, in her official capacity as Attorney General of Louisiana;<br>MIKE DUPREE, in his official capacity as Director of the Public Protection Division, Louisiana Department of Justice,<br><br>*Defendants*. | Civil Action No. 3:25-cv-231-JWD-RLB |

**DECLARATION OF JEREMY MALTZ IN SUPPORT OF**
**NETCHOICE'S OPPOSITION TO MOTION TO EXCLUDE**

I, Jeremy Evan Maltz, declare as follows:

1. I am a partner at Lehotsky Keller Cohn LLP, and I represent NetChoice in the above-captioned matter.

2. I submit this declaration in support of NetChoice's Opposition to Defendants' Motion to Exclude. I am over the age of 18 and am competent to make the statements herein. I have personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, could and would competently testify to them.

3. NetChoice disclosed Dr. Anthony Bean to Defendants as a testifying expert witness on May 12, 2025.

4. NetChoice produced Dr. Bean's expert report to Defendants on July 28, 2025.

5. At the same time NetChoice produced Dr. Bean's expert report, NetChoice also produced 22 academic studies and articles to Defendants on July 28, 2025—including the source publications discussed in Dr. Bean's report.

1

6. Before I served the report on Defendants, Dr. Bean provided me with two versions of his expert report.

7. Initially, Dr. Bean sent me a final draft of the expert report that I had previously reviewed and that included summations of the discussed source publications *without* language attributing those summations to the authors of the discussed reports and without using quotation marks around the summations.

8. But that first version of the final draft of the report failed to include Dr. Bean's hourly rate. So I asked Dr. Bean to send back a revised final draft of the report including his hourly rate.

9. In response, Dr. Bean sent a second version of the final draft of the expert report that (1) included his hourly rate; and (2) contained different introductory language misattributing to the authors of the cited reports what were previously summations in the first version of the final draft *and* placing quotation marks around those summations.

10. I served the second version of the expert report on Defendants without appreciating that the summation sentences had been altered from the prior version.

11. Both versions of the expert report contained a References page with incorrect long-form citations to the cited source publications in the expert report—and to the publications produced to Defendants.

12. On August 8, 2025, after Defendants inquired the previous day, NetChoice's counsel provided Defendants with Dr. Bean's availability for an expert deposition.

13. After I served Dr. Bean's report on Defendants on July 28, 2025, counsel for NetChoice conducted meet-and-confers with Defendants on at least the following dates: (1) August 5, 2025; and (2) August 13, 2025.

14. The August 13, 2025, meet-and-confer with Defendants was about scheduling expert depositions in this case, including Dr. Bean's availability for a deposition. On August 14, 2025, NetChoice's counsel followed up with Defendants about alternative dates for Dr. Bean's deposition.

15. On Monday, August 18, 2025, NetChoice de-designated Dr. Bean as a testifying expert in this case and withdrew his expert report.

16. NetChoice requested that Defendants withdraw their now-moot motion to exclude three times, on August 18, 2025, August 21, 2025, and August 28, 2025.

17. On August 28, 2025, Defendants refused to withdraw their motion because, "while that withdrawal/ de-designation moots items (1) and (2) of the requested relief, it would not moot item (3) for the fees/ costs incurred by the State Defendants in connection with the motion, so we are not pulling the motion down."

\*   \*   \*

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on August 28, 2025

_____
Jeremy Evan Maltz

3