**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NETCHOICE**                                                        **CIVIL ACTION**

**VERSUS**

**LIZ MURRILL, ET AL.**                                          **NO. 25-231-JWD-RLB**

## ORDER

Before the Court are Liz Murrill and Mike Dupree's ("Defendants") Motion to Exclude Dr. Anthony Bean (the "Motion to Exclude") and NetChoice's ("Plaintiff") opposition. (R. Docs. 42; 51). Also before the Court is Defendants' reply in support of their motion. (R. Doc. 53).

**I.      Background**

On March 18, 2025, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against Liz Murrill, in her official capacity as Attorney General of Louisiana, and Mike Dupree, in his official capacity as Director of the Public Protection Division, Louisiana Department of Justice. (R. Doc. 1). Plaintiff alleges that Louisiana Senate Bill 162, the Secure Online Child Interaction and Age Limitation Act (the "Act"), is facially unconstitutional and unconstitutional as applied to its members and services. Among other things, Plaintiff alleges the Act's age-verification, parental-consent, and advertising provisions violate First Amendment protections.

This Court set Plaintiff's expert report deadline for July 28, 2025 and the close of expert discovery for August 25, 2025. (R. Doc. 26). On July 28, 2025, Defendants' counsel received Dr. Anthony Bean's ("Dr. Bean") expert report (the "Report"). (R. Doc. 42-4). The Motion to Exclude was filed on August 15, 2025, with Defendants arguing it was apparent Dr. Bean used AI to draft his report because (i) the seventeen articles cited in his bibliography did not exist and (ii) none of his twelve quotations were attributable to the *existing* sources provided to Defendants. These issues were found with the help of Dr. Jean M. Twenge ("Dr. Twenge")

1

searching for the referenced articles and quotes in sixty-two (62) databases of articles stored by

EBSCO, a vendor of library services. Defendants ask this Court to exclude Dr. Bean's testimony,

deny leave to amend, supplement, or extend deadlines for new experts, and award Defendants

their reasonable fees and costs.

Plaintiff opposed the Motion to Exclude on August 29, 2025, arguing it was moot since,

the day after the motion was filed, Plaintiff withdrew its designation of Dr. Bean as a testifying

expert, withdrew Dr. Bean's Report, is not seeking to amend or supplement Dr. Bean's Report,

and does not intend to offer a different expert. (R. Doc. 51). Plaintiff also argued fees and costs

should not be awarded because (i) Defendants cite no statute, Federal Rule of Civil Procedure,

Local Rule, or Standing Order to award fees or costs, (ii) Defendants have failed to show bad

faith, as required to impose sanctions under the Court's inherent power, (iii) Fed. R. Civ. P.

26(g)(3) does not apply because it authorizes sanctions only for inadequate disclosures under

Fed. R. Civ. P. 26(a)(1) or (a)(3) and expert testimony is disclosed under Fed. R. Civ. P. 26(a)

(2), (iv) Fed. R. Civ. P. 11 does not apply because it applies only where a person files a paper

with the Court and the Report was not filed, and (v) Fed. R. Civ. P. 37(a)(5)(A)(i) does not apply

because it and L.R. 7(h) require a meet-and-confer, which did not occur. Plaintiff also asserted

the Report did not rely on or discuss AI hallucinated sources, but resulted from the following:

> [The R]eport served on Defendants contained summations that were misattributed as
> quotes made by the authors of the cited sources. Dr. Bean initially provided
> [Plaintiff]'s counsel with a final report that did not misattribute the summations.
> Rather, the language in that initial version of the final report was introduced as
> summations *without* quotation marks. But Dr. Bean subsequently sent counsel a
> second version of his final report, which added his hourly rate *and* the quotation
> marks and language misattributing the summations as quotations from the authors of
> the cited sources. That is the incorrect version that counsel served on Defendants,
> without appreciating that the summation sentences had been altered from the prior
> version. [A]lthough the body of Dr. Bean's report cited the source publications that
> counsel provided Defendants, the long-form citations at the end of Dr. Bean's report
> included incorrect citations to the source publications analyzed by his report.
> [Plaintiff] provided all of the true and correct source publications to Defendants when

2

it served the report. And all of the citations within the body of Dr. Bean's report clearly refer to and discuss those produced publications. Those sources are real and support Dr. Bean's substantive conclusions.

(R. Doc. 51 at 7) (citations omitted).

In reply to Plaintiff's arguments, Defendants note that Plaintiff has not disputed that the quotations in the Report were contrived or that the citations were false. (R. Doc. 53). Defendants also point out that Plaintiff's excuse for the mistakes in the Report is implausible, considering that, not only did Dr. Bean add quotes to the supposed second report version, but he also added "italics, bolding, *and* targeted prefatory 'language' (e.g., 'The authors concluded:'" (R. Doc. 53 at 6) (citation omitted). Defendants also argue the Motion to Exclude is not mooted because they still seek fees and costs, having spent thousands obtaining Dr. Twenge's assistance, preparing to depose Dr. Bean, and drafting their Motion to Exclude and reply. Regarding Plaintiff's assertion that a meet-and-confer should have occurred, Defendants note L.R. 7(h) states *Daubert* motions are exempt from a meet-and-confer requirement. Defendants maintain their requests for relief and argue the Court has authority to sanction Plaintiff "under its inherent authority, its power to police discovery abuses, and, if it issues a show-cause order, Rule 11." (R. Doc. 53 at 9).

On December 15, 2025, the district judge in this case entered judgement in favor of Plaintiff and against Defendant, also ordering Plaintiff to submit a bill of costs and an application for attorney's fees. (R. Doc. 79). On January 13, 2026, Defendant filed a notice of appeal. (R. Doc. 83). The instant motion was not addressed in the district judge's ruling nor would it be within the scope of any appeal. (R. Doc. 78). Fees and costs in this litigation remains an issue. (R. Doc. 82).

3

II.     **Law and Analysis**

    A.     **Dr. Bean May Be Excluded**

Plaintiff argues this Court need not exclude Dr. Bean's testimony, deny leave to amend, supplement, or extend deadlines for new experts, because Plaintiff has withdrawn Dr. Bean. While leave to amend, supplement, or extend the deadlines for new experts is no longer an issue, this Court will still address the exclusion of Dr. Bean as an expert.

It is true that many courts in the Fifth Circuit find motions to exclude moot once the relevant witness is withdrawn; however, none of these cases reveal such a finding is mandatory. *See Dean v. Newsco Int'l Energy Servs., USA, Inc.,* No. CV H-15-3406, 2018 WL 8753703, at *1 (S.D. Tex. Jan. 17, 2018) ("To the extent Plaintiff seeks to exclude expert testimony from Casey Roberson, that part of Plaintiff's Motion to Exclude is MOOT given Defendant's withdrawal of its designation of Casey Roberson."); *see also Thorson v. Aviall Servs., Inc.,* No. 3:15-CV-0571-D, 2018 WL 1426971, at *13 (N.D. Tex. Mar. 22, 2018) (when expert withdrawn court denied motion to exclude as moot); *see also DiSalvatore v. Foretravel, Inc.,* No. 9:14-CV-00150, 2016 WL 7742824, at *11 (E.D. Tex. July 20, 2016) (same). This Court will not give Dr. Bean an unearned escape-hatch when questioned in the future about prior exclusions.

It is clear that every quotation present in the Report was fabricated, as were the articles present in its bibliography (four of which were never referenced in the Report). Whether this is due to the use of generative AI or intentionally misleading citations, the result is the same: Dr. Bean may be excluded. "The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, which provide that the court serves as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1)

4

qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based." *Fayard v. Tire Kingdom, Inc.*, No. 09-171, 2010 WL 3999011 at *1 (M.D. La. Oct. 12, 2010) (citation omitted). Dr. Bean's methods cannot be found to be reliable because, while his method was assessing scholarly articles, it is not clear what articles he relied upon or whether he even conducted his own assessment. This is because his "citation to fake, [possibly] AI-generated sources in his [Report] shatters his credibility with this Court [and his Report]'s errors undermine its competence and credibility[.]" *Kohls v. Ellison,* No. 24-CV-3754 (LMP/DLM), 2025 WL 66514, at *4-5 (D. Minn. Jan. 10, 2025) (excluded expert testimony when declaration included fake citations). As Dr. Bean's methods are not reliable, his Report may be excluded, and he may be formally excluded.

### B.      Fees and Costs

This Court agrees that (i) Fed. R. Civ. P. 26(g)(3) does not apply because it authorizes sanctions only for inadequate disclosures under Fed. R. Civ. P. 26(a)(1) or (a)(3) and expert testimony is disclosed under Fed. R. Civ. P. 26(a)(2), (ii) Fed. R. Civ. P. 11 does not apply because Plaintiff's counsel did not file the Report with this Court, and (iii) Fed. R. Civ. P. 37(a)(5)(A)(i) does not apply because no meet-and-confer occurred. However, the Court may sanction Plaintiff and award Defendants fees pursuant to its inherent power if it is appropriate.

"When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power[] to impose sanctions" *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F. 3d 290, 292-93 (5th Cir. 1997) (citations omitted). "A court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been

defiled.'" *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

This Court finds sanctions under its inherent power are not warranted here for three main reasons. First, this Court is aware of no case where a court has used its inherent power to sanction a party for its attorney failing to check an *expert's* report for AI use. *See United States v. McGee,* No. 1:24-CR-112-TFM, 2025 WL 2888065, at *1 (S.D. Ala. Oct. 10, 2025) (attorney that filed a *motion* containing fake citations caused by AI sanctioned under the court's inherent power); *see also Wadsworth v. Walmart Inc.,* 348 F.R.D. 489, 499 (D. Wyo. 2025) (attorney sanctioned under Rule 11 and court's inherent power for *citing fake AI citations*). Second, Dr. Twenge took great lengths to discern whether Dr. Bean's citations were correct, lengths no attorney has ever been required to take when assessing an expert's report. Finally, Plaintiff's counsel removed Dr. Bean from the case as soon as the mistake was made known. Under this specific set of circumstances, this Court does not find monetary sanctions are appropriate. Each party shall bear its own costs in connection with this motion.

## III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Exclude is **GRANTED IN PART** and **DENIED IN PART**, with only Dr. Anthony Bean and his expert report to be **EXCLUDED**. Plaintiff's counsel shall send a copy of this Order to Dr. Anthony Bean, and Dr. Anthony Bean shall disclose his exclusion in this case in any future litigation where he is retained as an expert.

Signed in Baton Rouge, Louisiana, on January 27, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

6